UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN CASSADAY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-710 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DONALD J. TRUMP, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Cassaday filed this lawsuit against Defendant Trump suggesting, among other things, that Defendant used COVID-19 as a form of genocide to purge the United States of Native Americans, including Plaintiff. The Court will dismiss the complaint for a failure to state a claim.

Plaintiff applied for and was granted leave to proceed in forma pauperis. When a court grants in forma pauperis status, the court has a statutory obligation to review the complaint. *See* 28 U.S.C. § 1915(e)(2). The Magistrate Judge conducted this review and issued a report recommending that the undersigned dismiss the complaint for failure to state a claim. (ECF No. 7.) Plaintiff filed objections. (ECF No. 8.)

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge sets forth the proper standards for reviewing a complaint to determine whether the plaintiff has set forth sufficient factual allegations to state a legally cognizable claim. Plaintiff does not object to those standards.

The Magistrate Judge also summarized the complaint and concluded that Plaintiff did not allege sufficient facts to support the conclusions he reaches. The Court has carefully reviewed Plaintiff's objections. Plaintiff's objection does not address any of the concerns outlined in the R&R. Instead, Plaintiff complains about the health care and treatment he has received in matters unrelated to this lawsuit.

The Court concludes that Plaintiff has not offered any specific objections to a finding of fact or conclusion of law contained in the R&R. The Court, therefore, must adopt the R&R.

B.

After he filed his objection, Plaintiff filed two lengthy documents, both titled "Plaintiff Statement of Claim." (ECF Nos. 9 and 10.) The first document summarizes a host of Michigan statutes and laws before making broad, sweeping allegations about the conduct of Defendant in connection with COVID-19 and the 2020 presidential election. In the second document, Plaintiff seeks to add additional defendants and argues that the proper venue for this lawsuit could be the Southern District of Florida, the Eastern District of Michigan, or the Southern District of New York. Plaintiff then cites a number of criminal provisions from

Title 18 of the United States Code and repeats his summaries of Michigan law and statutes. Plaintiff again makes broad, sweeping allegations about the conduct of Defendant and asserts that the conduct violates the various criminal laws.

These two documents do not require the Court to reject the Report and Recommendation. First, this Court cannot consider the new documents. In this circuit, where a plaintiff proceeds in forma pauperis, district courts "have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *McGore v. Wigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). This holding in *McGore* has been repeatedly cited and affirmed by the Sixth Circuit. *See Bright v. Thompson*, 467 F. App'x 462, 464 (6th Cir. 2012) ("The district court must dismiss a complaint without first affording a plaintiff leave to amend."); *Phillips v. Coleman*, 191 F.3d 453 (6th Cir. 1999) (unpublished opinion) ("If a complaint satisfies the criteria set forth in § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it and without holding the case in abeyance."); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (explaining that when a court has reviewed a complaint because the plaintiff has been granted in forma pauperis status, "the district courts are not to permit plaintiff to amend a complaint to avoid dismissal pursuant to these provisions[.]"). Rule 15(a), which permits a plaintiff leave to amend a complaint once as a matter of course, does not apply once "the magistrate judge issued the Report and Recommendation." *Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010). Second, even if the Court could consider the two documents, Plaintiff has not

pled sufficient facts or details to support the broad sweeping conclusions contained in those documents.

For these reasons, the Court **ADOPTS** as its Opinion the Report and Recommendation. The Court **DISMISSES** this lawsuit for failing to state a claim. Consistent with the Report and Recommendation, the Court finds that any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

Date:   October 28, 2021                                  /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge